**Elisha Genaro DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 709–92, 710–92.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1994.

Stanley G. Schneider, Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

In a single trial a jury convicted appellant in two cases of delivery of cocaine and assessed punishment at confinement for thirty-three years. The Court of Appeals affirmed. *Davis v. State*, 814 S.W.2d 159 (Tex.App.—Houston [14th Dist.] 1991). We vacated the lower court's judgment and remanded the cause for consideration of a point of error not considered. *Davis v. State*, 817 S.W.2d 345 (Tex.Crim.App.1991) (dismissing grounds for review numbers one and two without prejudice to refile after disposition of the remanded grounds by the Court of Appeals). The Court of Appeals again affirmed. *Davis v. State*, 830 S.W.2d 206 (Tex.App.—Houston [14th Dist.] 1992). We granted appellant's

petitions for discretionary review to determine whether the Court of Appeals properly applied the test set out in *Webb v. State,* 766 S.W.2d 236 (Tex.Crim.App.1989), in excluding testimony due to a violation of Texas Rule of Criminal Evidence 613.[1] We also granted review to decide whether the Court of Appeals applied an incorrect standard in determining whether statements against penal interest were sufficiently corroborated so as to be admissible pursuant to Texas Rule of Criminal Evidence 803(24).

Appellant's mother, who had been neither sworn nor admonished of the invocation of Rule 613,[2] hereinafter sometimes referred to as "the Rule", entered and remained in the courtroom during part of the State's case.[3] At some point defense counsel noticed her presence and signaled her to leave. At an afternoon break later that day appellant's brother, James Burton Royal, a.k.a. James Davis, informed appellant's mother that he, not appellant, had sold the drugs in question. Appellant's mother relayed this information to appellant who subsequently attempted to call Royal as a witness. Royal claimed his right against self-incrimination and refused to testify. Appellant then called Patrick Ivory, who testified that he was an eyewitness to the drug transaction and that Royal, not appellant, had sold the drugs to the two undercover police officers.[4] Appellant at-

tempted to have his mother testify that Royal had confessed his guilt to her, but the trial court excluded her testimony because of her violation of the Rule and also on the ground that her testimony would constitute hearsay. The Court of Appeals upheld the trial court's decision, in part, under *Webb. Davis,* 814 S.W.2d at 162.

## I. *Rule 613*

██ In *Webb* we considered the issue of when it is appropriate to disqualify a defense witness for his violation of the Rule.[5] Such disqualification must be viewed in light of the defendant's constitutional right to call witnesses on his behalf. *Webb,* 766 S.W.2d at 240–41. As a general rule a witness cannot be excluded solely on the grounds that he violated the Rule, "although the right to exclude under *particular circumstances* may be supported as within the sound discretion of the trial court." *Id.* at 241 (quoting *Holder v. United States,* 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893)) (emphasis supplied by the court in *Webb* ). In determining whether to disqualify a witness under the Rule, the trial court must balance the interests of the State and the accused, consider alternative sanctions, and consider the benefit and detriment arising from a disqualification in light of the nature and weight of the testimony to be offered. *Id.* at 244. We recognized that

---

1. In *Webb,* "the Rule" was contained in articles 36.03–36.06 V.A.C.C.P., the predecessor to Rule of Criminal Evidence 613. We noted there that Rule 613 "provides the same safeguards as the old Code provisions which allowed for invocation of the rule to sequester witnesses and exceptions to the rule; and stated that enforcement of the rule would be at the discretion of the trial court." *Webb,* 766 S.W.2d at 239 fn. 1. Article 36.03 provided in part that "[a]t the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause." Rule 613 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion."

2. The rule states, in pertinent part:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion.

TEX.R.CRIM.EVID. 613.

3. Testimony was heard outside the presence of the jury regarding the presence of appellant's mother during the State's case. Mrs. Davis testified that she was present for approximately five to ten minutes of the State's case. Although the bailiff and defense counsel also testified on the issue, neither of them knew how long Mrs. Davis had been in the courtroom.

4. Two police officers testified for the State that appellant sold them the drugs in question. After Ivory's testimony, both officers denied that Royal had sold them the drugs and continued to assert that appellant had been the offender.

5. The two situations which may arise due to violations of the Rule are (1) where a party is complaining of the admission of testimony of the other party's witness who violated the Rule, and (2) where a party is complaining of the exclusion of his own witness who violated the Rule. *Webb,* 766 S.W.2d at 239–40. This case involves the second situation, as did *Webb.*

Where the "particular and extraordinary circumstances" shows neither the defendant nor his counsel have consented, procured, connived or have knowledge of a witness or potential witness who is in violation of the sequestration rule, and the testimony is crucial to the defense, it is an abuse of discretion exercised by the trial court to disqualify the witness.

*Id.* at 244. Thus, on appeal:

A reviewing court will determine: (1) if the rule was violated and the witness disqualified, were there other particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Id.* at 245.[6]

■ The evidence does not support a finding of the "particular circumstances" referred to in the first prong of the *Webb* test for reviewing courts. There is no evidence that appellant or his counsel "consented, procured or otherwise had knowledge of" appellant's mother's presence; to the contrary, the evidence shows that as soon as appellant's counsel became aware of her presence, he motioned for her to leave. Neither does the evidence show that appellant or his counsel had "knowledge of the content of [her] testimony." According to appellant's bill of exceptions, her entire testimony would have pertained to what Royal had told her during the afternoon break, which conversation occurred *after* she exited the courtroom, at counsel's direction. Accordingly, neither appellant nor his counsel would have known the content of her testimony at the time she was present in the courtroom. Therefore, the

record does not demonstrate that there were any particular circumstances, "other than the mere fact of the violation, which would tend to show [appellant] or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony".

Although no particular circumstances existed, appellant must still satisfy the second prong of the *Webb* test by showing that the excluded testimony was *crucial* to his defense. *Id.* In *Webb*, the excluded testimony was crucial to a defensive theory developed at trial because the disqualified witness was the only witness who could corroborate the defendant's claimed defense showing motive and bias on the part of the State's witnesses. In the case at bar, however, substantively the same testimony as the excluded testimony was testified to by Ivory, who claimed to be an eyewitness. However, simply because the excluded testimony is not the *only* evidence supporting a defensive theory does not mean that it is not crucial to such defensive theory. The testimony appellant sought to introduce would have been corroborative of Ivory's testimony, which the jury apparently did not believe. The jury would have been more inclined to believe Ivory once his testimony was corroborated. With that possibility in mind, the excluded testimony becomes crucial to the defensive theory that the perpetrator was not appellant, but his brother. The trial court erred in concluding the testimony was properly excluded under the theory that the Rule had been violated.

## II. *Rule 803(24)*

■ The Court of Appeals held that the trial court properly excluded the proffered testimony because the trial court's ruling to exclude appellant's mother's testimony was not made solely on the basis of her presence in the courtroom, but was also based on the conclusion that the testimony was hearsay[7]

---

6. Although the Court of Appeals correctly cited the two-pronged test set forth in *Webb* to be applied by a reviewing court, it failed to apply the test to the facts. Rather, it discussed some of the factors *Webb* held should be considered by trial courts in making the initial ruling. There was no discussion as to whether appellant and his counsel knew the content of the witness'

testimony at the time she was present in the courtroom or whether the excluded testimony was "crucial to the defense."

7. Neither party disputes that the statement was hearsay. It was an out of court statement offered "to prove the truth of the matter asserted",

and was not admissible as an exception to the hearsay rule under Rule 803(24). Pursuant to Rule 803(24), "[a] statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." [8] The Court of Appeals' analysis of this issue was less than adequate—its opinion assumes without discussion that the statement tended to expose the declarant to criminal liability, and it is not apparent from its opinion that it considered all the relevant evidence in concluding that the circumstances did not amount to corroboration of the statement at issue. From its two sentence "analysis" it appears that the Court of Appeals only considered Ivory's testimony, and there is no indication as to why that testimony was found insufficient to indicate trustworthiness.[9] *See Arcila v. State*, 834 S.W.2d 357 (Tex.Crim.App.1992) (on review we ask whether Court of Appeals fairly evaluated the legal issue considering all relevant evidence in record).

The first inquiry under the pertinent portion of Rule 803(24) is whether the statement tended to expose the declarant to criminal liability. In making the statement at issue here, Royal implicated himself in the crime for which appellant was being prosecuted, rendering himself a potential target for prosecution. While making such a statement to one's mother might not necessarily expose the declarant to criminal liability because it could be assumed that one's mother would ordinarily keep such a statement in confidence, under the circumstances here it was not inconceivable that Mrs. Davis would reveal the declaration in an effort to exonerate her other son who was presently on trial. In addition, Royal's claim against self-incrimination is itself an indication that the statement tended to expose him to criminal liability. *See* DAVID W. LOUISELL AND CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE § 489 at 1152 (1980) (claim against self-incrimination is some evidence that prior statement is against declarant's interest). There is no evidence indicating that Royal would necessarily have been immune from prosecution. We conclude Royal's statement was one that "so far tended to subject him to ... criminal liability ... that a reasonable man would not have made the statement unless he believed it to be true." We now turn to the existence of corroborating circumstances.

■ We have never set forth a standard to be applied in determining the existence of corroborating circumstances for purposes of Rule 803(24). The corroborating circumstances must be sufficiently convincing to "clearly indicate the trustworthiness of the

---

that Royal committed the crime, not appellant. *See* TEX.R.CRIM.EVID. 801(d), 802.

8. Rule of Criminal Evidence 803(24) provides in its entirety:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

9. The Court of Appeals addressed the corroboration issue in the following two sentences:

Evidence was offered which indicated that appellant's brother was selling drugs in the house the same night as the alleged offense and that appellant was not present. This testimony did not amount to sufficient "corroborating circumstances" to indicate the trustworthiness of the hearsay statement of appellant's brother. *Davis*, 814 S.W.2d at 162. Ivory testified that he witnessed Royal sell drugs to the undercover officers on the night in question; however, the Court of Appeals' analysis does not reflect the content of this testimony. Instead, the Court of Appeals merely indicated that there was testimony that Royal was also selling drugs in the house on the night of the offense and that appellant was not then present (leaving open the possibility that both Royal and appellant might have been selling drugs at that house at different times that night). This distinction is not clear from the Court of Appeals opinion. In further support for its conclusion, the Court of Appeals stated:

The record indicates that the trial court considered alternative sanctions. In making his ruling, the judge stated, "If [appellant's brother] testifies, I'll let appellant's mother testify. If [appellant's brother] does not testify, I will not let [appellant's mother] testify." Appellant has failed to meet his burden of proof. *Id.* It is not clear, however, in what way the Court of Appeals considered the trial court's statement to relate to the issue of corroboration.

statement." The focus of this inquiry is on verifying to the greatest extent possible the trustworthiness of the statement so as to avoid the admissibility of a fabrication.[10] Similar concerns existed at common law with respect to the admissibility of statements made by third parties who admitted guilt:

> The long established rule in Texas is that declarations of a third party admitting his guilt of the crime for which the accused is on trial are admissible only when the State is relying upon circumstantial evidence, when the guilt of such party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime.

*Ramirez v. State*, 543 S.W.2d 631, 632 (Tex. Crim.App.1976) (citations omitted).[11] The latter two of the common law requirements may still be useful considerations in determining the trustworthiness of a third party's statement.[12] Factors that federal courts have found relevant to the issue of trustworthiness under the comparable federal rule [13] include the timing of the declaration, its spontaneity, the relationship between the declarant and the party to whom the statement was made, and the existence of independent corroborating facts. *United States v. Ospina*, 739 F.2d 448, 452 (9th Cir.), *cert. denied*, 469 U.S. 887, 105 S.Ct. 262, 83 L.Ed.2d 198 (1984); *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir.1978); *see generally* LOUISELL AND MUELLER, FEDERAL EVIDENCE § 489 at 1159–62. Some federal courts have questioned whether evidence which undermines the trustworthiness of the statement may be considered; however, the prevailing view is that evidence corroborating the statement as well as evidence undermining its reliability should be considered. *See United States v. Silverstein*, 732 F.2d 1338, 1347 (7th Cir.1984) (unclear from rule's language whether court may consider evidence which contradicts statement's trustworthiness, but concluding that such consideration is proper in light of Advisory Committee's admonition to construe corrobo-

---

**10.** As recognized in the Advisory Notes to the parallel federal rule, "[t]he requirement of corroboration should be construed in such a manner as to effectuate its purpose of circumventing fabrication." FED.R.EVID 804, Notes of Advisory Committee on 1972 Proposed Rules.

**11.** Although the common law rule applied only to declarations of a third party, Rule 803(24) does not distinguish between declarations of a third party and declarations of the accused. We note, however, that statements of the accused may be admissible as "admissions of a party opponent" under Rule of Criminal Evidence 801(e)(2).

We further note that potential problems may arise when statements of third parties who are co-conspirators or co-defendants are offered under Rule 803(24). "[A] statement which inculpates the declarant while implicating the accused should be severed whenever that portion of the statement having the latter effect is not intertwined with the self-inculpatory portion. That part of the statement implicating the accused should then be excluded." DAVID W. LOUISELL AND CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE § 489 at 1177 (1980). Moreover, apart from qualifying as a statement against interest, a third party's statement implicating the accused may be inadmissible as violative of the accused's rights under the Confrontation Clause of the Sixth Amendment. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (defendant deprived of rights under confrontation clause where nontestifying co-defendant's confession implicating defendant was admitted in joint trial, even where

limiting instruction given); *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987) (confrontation clause bars admission at joint trial of nontestifying co-defendant's confession incriminating defendant even where jury given limiting instruction and defendant's own corroborative confession was admitted).

**12.** The first requirement is no longer a relevant consideration. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991) (circumstantial and direct evidence subject to same standard of review).

**13.** Federal Rule of Evidence 804(b)(3) provides as follows:

> **(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> **(3) Statements against interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

The Texas rule is virtually identical to the federal rule.

ration requirement so as to circumvent fabrication), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985); *see also* MICHAEL GRAHAM, FEDERAL PRACTICE AND PROCEDURE, *Federal Rules of Evidence,* § 6795 at 817 n. 5 (West 1992) (undermining evidence should be included in court's consideration under federal rule 804(b)(3)). In addition, while some federal courts have focused primarily upon the credibility of the in-court witness and the declarant, others have rejected that approach, with respect to the in-court witness, as encroaching upon the role of the jury. *Compare United States v. Rasmussen,* 790 F.2d 55, 56 (8th Cir.1986) (trustworthiness of statement is determined by analyzing veracity of in-court witness and reliability of out-of-court declarant); *United States v. Alvarez,* 584 F.2d 694, 701 (5th Cir.1978) (trustworthiness of statement is determined by analysis of two elements: probable veracity of in-court witness and reliability of out-of-court declarant) *with United States v. Katsougrakis,* 715 F.2d 769, 777 (2nd Cir.1983) (rejecting view that credibility of in-court witness should be evaluated before admissibility of statement under federal rule 804(b)(3); credibility is issue for jury), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984); *United States v. Atkins,* 558 F.2d 133, 137 (3rd Cir.) (rejecting view that court must evaluate credibility of in-court witness under 804(b)(3); such witness subject to cross-examination and jury is judge of credibility), *cert. denied,* 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 289 (1977); DAVID W. LOUISELL AND CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE § 489 at 1163–64 (1980) (better reasoned decisions do not evaluate credibility of witnesses in determining admissibility of statement against interest).

 We conclude that no definitive test exists by which to gauge the existence of corroborating circumstances for purposes of Rule 803(24). Any number of factors may be considered in this inquiry, including whether the guilt of the declarant is inconsistent with the guilt of the accused, whether the declarant was so situated that he might have committed the crime, the timing of the declaration and its spontaneity, the relationship between the declarant and the party to whom the declaration was made, and the existence of independent corroborating facts. Further, evidence which undermines the reliability of the statement as well as evidence corroborating its trustworthiness may be considered, so long as the court is careful not to engage in a weighing of the credibility of the in-court witness. The burden lies with the party seeking to admit the statement, and the test is not an easy one; the evidence of corroborating circumstances must *clearly* indicate trustworthiness. *See United States v. Salvador,* 820 F.2d 558, 561 (2nd Cir.) (suspicion with which drafters regarded such statements by third parties is reflected in fact that burden is on accused to justify admission of statement and corroboration which must "clearly" indicate trustworthiness is "not an insignificant hurdle"), *cert. denied,* 484 U.S. 966, 108 S.Ct. 458, 98 L.Ed.2d 398 (1987).

We hold the Court of Appeals erred in concluding that the circumstances were not sufficiently corroborative to clearly indicate the trustworthiness of Royal's statement. Ivory's testimony constituted independent evidence that directly corroborated Royal's statement. Other independent evidence that was consistent with Royal's statement was the testimony of four defense witnesses that appellant was with them on the night of the offense. Other factors which may appear to undermine the reliability of Royal's statement—the officers' testimony that appellant, not Royal sold them the drugs, Royal's possible motive to lie in an effort to exonerate his brother, and his reason for waiting until the eleventh hour to make the statement do not outweigh the testimony of five witnesses in direct corroboration of the statement. Any motive on the part of Mrs. Davis to lie in an effort to exonerate her son is not a valid consideration in determining trustworthiness of the statement, but is a matter to be tested before the jury on cross-examination. Based upon consideration of the factors discussed in this opinion, we hold the evidence was admissible under Rule of Criminal Evidence 803(24).

Accordingly, the judgment of the Court of Appeals is reversed and this cause is remanded to the trial court.

OVERSTREET, J., concurs in the result.

CAMPBELL, J., joins Part I, but dissents as to Part II.

McCORMICK, P.J., and WHITE, J., dissent with note: We believe the Court of Appeals was correct in its opinion and therefore dissent.