TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00446-CR







Thomas Michael Wilsford, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-070, HONORABLE WILLIAM BENDER, JUDGE PRESIDING







PER CURIAM


 Shortly after midnight on September 26, 1994, Loyd Jones broke into the building
housing Luling Barbeque, a restaurant, and stole three boxes of frozen meat, a bottle of tequila,
and $3.50 in change. A jury found appellant guilty as a party to this offense and assessed
punishment at confinement in a state jail for two years and a $2500 fine. Tex. Penal Code Ann.
§ 30.02(a)(1), (c)(1) (West 1994). The district court suspended imposition of sentence and placed
appellant on community supervision.

 The burglary was discovered after Luling police officers Karen Cochran and Phillip
Gonzales saw a pickup truck rapidly leaving the alley behind the restaurant. The officers noticed
that the truck's rear license plate was not properly illuminated and subsequently clocked the
pickup at 45 miles-per-hour in a 35 miles-per-hour zone. The officers turned on their emergency
lights and, after approximately one mile, the pickup came to a stop. Before stopping the pickup,
the officers reported their observations by radio and requested that an officer be dispatched to the
restaurant to investigate a possible burglary.

 The pickup was occupied by appellant, who was driving, and Jones. Cochran
testified that she walked up to the pickup on the driver's side and, when she did so, noticed boxes
containing meat in the bed of the truck. She also noticed a bottle of tequila lying on the seat. 
Cochran asked appellant where he was coming from, to which he replied that he had been visiting
a friend. Appellant could not give the officer the friend's name or address. Cochran then asked
appellant where he got the meat. Appellant first told the officer that he got it at his friend's
house, but then said that he got it from a Mexican man. The officers arrested appellant and Jones
after hearing a radioed report that the restaurant had been burglarized.

 In a written statement to the police, appellant said that he and Jones spent the
evening driving around and drinking beer. Jones told appellant that he had been unfairly treated
by the owner of Luling Barbeque, where Jones had been employed. Jones instructed appellant
to park at a laundromat near the restaurant, got out of the truck, and told appellant to wait for
him. After fifteen minutes, Jones returned and told appellant to drive down the alley. Appellant
stopped beside some boxes, which Jones loaded into the truck. Appellant placed the bottle of
tequila that was sitting on the boxes on the seat beside him. In his statement, appellant denied
knowing the contents of the boxes until after his arrest.

 It was undisputed at trial that Jones broke into the restaurant and stole the meat and
other items while appellant waited outside in the pickup. The contested issue was whether
appellant was guilty as a party to the burglary. The court's charge included an instruction on the
law of criminal responsibility for the conduct of another. Tex. Penal Code Ann. §§ 7.01(a),
.02(a)(2), .03 (West 1994). The charge then applied this law to the evidence, authorizing
appellant's conviction if the jury found that Jones burglarized the restaurant building and that
appellant, 

 

as a party to the offense, as that term has been herein defined, acting with intent
to assist the commission of the offense, did then and there aid or attempt to aid the
said Loyd Jones in the commission of the offense, to-wit: said Defendant did then
and there drive a motor vehicle to the building, or said Defendant did then and
there place a bottle of tequila in a motor vehicle, or said Defendant did then and
there drive a motor vehicle from the building, you will find said Defendant guilty
of the offense of Burglary of a Building, and so say by your verdict.


 But if you do not so find, or if you have a reasonable doubt thereof, you
will acquit the Defendant and say by your verdict "not guilty."



 In two points of error, appellant contends the district court erred by refusing to add
these paragraphs to its general instruction on the law of parties:


 In order to convict the Defendant under the law of parties as being
responsible for an offense committed by another, the State must establish with
evidence beyond a reasonable doubt that Thomas Michael Wilsford encouraged the
commission of the offense either by words or other agreement and the agreement,
if any, must be established by the State beyond a reasonable doubt to be before or
contemporaneous with the criminal event. If you have a reasonable doubt that
Thomas Michael Wilsford encouraged the commission of the offense, if any, you
will acquit Thomas Michael Wilsford and say by your verdict, "Not guilty."


 And, in order to convict the Defendant under the law of parties as being
responsible for the offense committed by another, the State must establish beyond
a reasonable doubt that Thomas Michael Wilsford knew that he was assisting in the
commission of the offense. If you have a reasonable doubt that Thomas Michael
Wilsford knew that he was assisting in the commission of the offense, if any, you
will acquit Thomas Michael Wilsford and say by your verdict, "Not guilty."



Both of the requested paragraphs attempt to apply the law of parties to the facts of the case and
therefore were not appropriate additions to the general instruction of the law of parties. We will
consider these points of error as raising the question whether the requested paragraphs should
have been added to the application paragraph. 

 Under section 7.02(a)(2), a person is criminally responsible for an offense
committed by another if, acting with intent to promote or assist the commission of the offense,
he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. 
Consistent with the evidence in this cause, the application paragraph prepared by the district court,
to which appellant did not voice a pertinent objection, required a finding that appellant aided or
attempted to aid the commission of the burglary. The first paragraph of appellant's requested
instruction would have made appellant's guilt turn on a finding that he did or did not encourage
the burglary, an issue not raised by the evidence, and would have contradicted the instructions
elsewhere in the application paragraph. The court did not err by refusing to give the first
paragraph of the requested instruction. Point of error six is overruled.

 The second paragraph of the requested instruction, which would have required a
finding that appellant knew he was assisting Jones in the commission of the offense, was also
properly refused. There is no express requirement in section 7.02(a)(2) that the defendant know
he is assisting another in the commission of the offense. Such knowledge is implicit in the
statutory requirement that the defendant act with the intent to assist the commission of the offense. 
The application paragraph required a finding that appellant aided or attempted to aid Jones with
the requisite intent to assist the commission of the burglary. The charge given was a correct
application of section 7.02(a)(2) to the facts of this case. Point of error seven is overruled.

 By his first point of error, appellant contends the district court erred by overruling
his motion for an instructed verdict of not guilty. We treat such a point of error as a challenge
to the legal sufficiency of the evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App.
1990). To answer this question, we view all the evidence in the light most favorable to the verdict
and ask if any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 

 Appellant argues that his presence near the scene of the burglary and his evasive
remarks to the police following the traffic stop are not sufficient to prove that he knew of Jones's
plan to break into the restaurant and that he intended to assist Jones in the criminal enterprise. 
Appellant cites two opinions, Robinson v. State, 570 S.W.2d 906, 909-10 (Tex. Crim. App.
1978), and Gilbertson v. State, 563 S.W.2d 606, 608-09 (Tex. Crim. App. 1978), both of which
use the now-discredited "reasonable alternative hypothesis" analysis in reviewing the sufficiency
of the evidence. See Geesa, 820 S.W.2d at 161. We believe the jury could reasonably infer from
appellant's conduct that he was aware of Jones's unlawful plans. We hold that the evidence
detailed above, viewed in the light most favorable to the verdict, is sufficient to support a finding
beyond a reasonable doubt that appellant drove Jones to and from the restaurant, and picked up
the tequila bottle, with the intent to assist Jones commit the offense of burglary. Point of error
one is overruled.

 In points of error two and three, appellant contends the district court erred by
overruling his motion to suppress evidence seized, he asserts, in violation of the constitutions of
the United States and Texas. U.S. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc.
Ann. art. 38.23(a) (West Supp. 1996). At a suppression hearing, the trial court is both trier of
fact and arbiter of the legal significance of the facts. Dubose v. State, 915 S.W.2d 493, 496-97
(Tex. Crim. App. 1996). An appellate court limits its review of the trial court's rulings, both
factual and legal, to a determination of whether the court abused its discretion. Id. 

 Appellant urges that the court should have suppressed the officers' "observations
inside the truck cab, inside the truck bed, the bottle of tequila and all photographs thereof, and
. . . the oral testimony relating to these matters." Appellant contends the officers seized this
evidence before their suspicion that a burglary had been committed was confirmed, and therefore
the seizure was without probable cause. Appellant waived any error with regard to the overruling
of his motion to suppress the tequila bottle by stating that he had no objection when it was offered
in evidence. James v. State, 772 S.W.2d 84, 97 (Tex. Crim. App. 1989).

 Appellant does not challenge the propriety of the initial stop of his pickup, which
was clearly justified by the observed traffic offenses. See Crittenden v. State, 899 S.W.2d 668,
674 (Tex. Crim. App. 1995) (Tex. Const. art. I, § 9); Garcia v. State, 827 S.W.2d 937, 944
(Tex. Crim. App. 1992) (U.S. Const. amend. IV). Cochran testified that as she stood beside the
truck following the stop, she could see the boxes of meat in the open bed of the pickup. The
boxes were not covered or otherwise concealed. Cochran testified that the meat was visible
through holes in the boxes and that she did not open the boxes before seeing the meat inside them. 
Cochran's mere observation of the boxes of meat as she lawfully stood beside appellant's pickup
did not constitute a search within the meaning of the Fourth Amendment because it did not violate
any reasonable expectation of privacy on appellant's part. See Maryland v. Macon, 472 U.S. 463,
469 (1985) (expectation that unlawful conduct will not be discovered by authorities is not one
society recognizes as reasonable). Further, the mere observation of the boxes of meat did not
constitute a seizure because it did not meaningfully interfere with any possessory interest appellant
may have had in the meat. See Arizona v. Hicks, 480 U.S. 321, 324 (1987); Macon, 472 U.S.
at 469. The police did not physically seize the boxes of meat until after the burglary at the
restaurant was discovered, at which time it is undisputed that probable cause existed to arrest
appellant and seize the boxes. The district court's conclusion that appellant's Fourth Amendment
rights were not violated was not an abuse of its discretion. Point of error two is overruled. 

 We are also satisfied that Cochran's observation of the boxes of meat after she
stopped appellant for a traffic offense was not a search or seizure under the Texas Constitution. 
Appellant relies on Autran v. State, 887 S.W.2d 31 (Tex. Crim. App. 1994). In Autran, the court
held that article I, section nine, provides greater protection than the Fourth Amendment in the
context of inventory searches of closed containers. This holding has no direct application to this
cause. Appellant does not discuss the factors identified by the Autran plurality as informing the
decision whether our state constitution affords Texans greater protection than the federal
constitution. We decline to hold that the Texas Constitution requires a police officer to have
probable cause to believe a crime has been committed in order merely to see that which is plainly
visible to her as she carries out her duties. The district court's conclusion that appellant's rights
under article I, section nine, were not violated was not an abuse of its discretion. Point of error
three is overruled.

 Next, appellant contends the district court erred by overruling his motion to
suppress the oral statements he made to Cochran following the traffic stop. Appellant argues that
the statements should have been suppressed because they were not recorded as required by the
Texas confession statute. Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 1996).

 By its terms, article 38.22, section three, applies only to statements that are the
product of custodial interrogation. See also art. 38.22, § 5 (West 1979). As used in article
38.22, "custodial interrogation" has the same meaning as it does under the Fifth Amendment. 
Wicker v. State, 740 S.W.2d 779, 785 (Tex. Crim. App. 1987). For the purposes of the Fifth
Amendment, a person temporarily detained pursuant to an ordinary traffic stop is not "in custody"
and roadside questioning of a motorist so detained is not "custodial interrogation." Berkemer v.
McCarty, 468 U.S. 420, 435-40 (1984). Appellant's oral statements to Cochran were not the
product of custodial interrogation and the district court did not abuse its discretion by overruling
appellant's motion to suppress them. Loar v. State, 627 S.W.2d 399, 400 (Tex. Crim. App.
1982). Point of error four is overruled.

 Finally, appellant contends the district court erroneously excluded testimony by
Luling police officer Richard Callihan regarding statements made to him by Loyd Jones following
his arrest. Callihan would have testified that Jones told him that he broke into the restaurant to
get even with the owner, that Jones left appellant outside in the truck and did not tell him what
he was going to do, and that appellant had nothing to do with the burglary. The court sustained
the State's hearsay objection to this testimony. Appellant contends Jones's statements to Callihan
were admissible as statements against penal interest. Tex. R. Crim. Evid. 803(24).

 Under rule 803(24), a statement which at the time of its making so tended to subject
the declarant to criminal liability that a reasonable person would not have made the statement
unless he believed it to be true is admissible as an exception to the hearsay rule if corroborating
circumstances clearly indicate the trustworthiness of the statement. Burks v. State, 876 S.W.2d
877, 904-05 (Tex. Crim. App. 1994); Davis v. State, 872 S.W.2d 743, 746-49 (Tex. Crim. App.
1994). Jones's admission that he broke into the building housing the restaurant was clearly
against his penal interest and was corroborated by other evidence. But under the circumstances
of this cause, Jones's admission of guilt did not exculpate appellant because it was not inconsistent
with appellant's guilt as a party. Insofar as Jones's out-of-court admission of guilt is concerned,
the exclusion of the testimony was harmless error at most. Tex. R. App. P. 81(b)(2).

 Jones's statements to Callihan exculpated appellant only to the extent that he
claimed that appellant did not know of Jones's plan to commit the burglary and had nothing to do
with the crime. But Jones did not incriminate himself or expose himself to greater criminal
liability by saying that appellant was not involved in the burglary. Jones's assertion that he acted
alone and without appellant's knowledge or involvement was not, therefore, against Jones's penal
interest. Moreover, the circumstances do not clearly indicate the trustworthiness of this aspect
of Jones's statements. To the contrary, appellant's actions and conflicting statements to the police
on the night in question undermine Jones's claim that appellant was not a party to the burglary. 
The district court also could consider that Jones, having admitted his guilt, had nothing to lose
by trying to avoid incriminating appellant.

 Among the factors that may be considered in determining whether a proffered
statement against penal interest is adequately corroborated are whether the guilt of the declarant
is inconsistent with the guilt of the accused, the timing of the declaration and its spontaneity, the
relationship between the declarant and the party to whom the statement is made, and the existence
of independent corroborating facts. Davis, 872 S.W.2d at 749. In this cause, each of these
factors militates against the admission of Jones's out-of-court statements. We hold that the district
court did not abuse its discretion by excluding the testimony and overrule point of error five.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish



 required by the
Texas confession statute. Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp. 1996).

 By its terms, article 38.22, section three, applies only to statements that are the
product of custodial interrogation. See also art. 38.22, § 5 (West 1979). As used in article
38.22, "custodial interrogation" has the same meaning as it does under the Fifth Amendment. 
Wicker v. State, 740 S.W.2d 779, 785 (Tex. Crim. App. 1987). For the purposes of the Fifth
Amendment, a person temporarily detained pursuant to an ordinary traffic stop is not "in custody"
and roadside questioning of a motorist so detained is not "custodial interrogation." Berkemer v.
McCarty, 468 U.S. 420, 435-40 (1984). Appellant's oral statements to Cochran were not the
product of custodial interrogation and the district court did not abuse its discretion by overruling
appellant's motion to suppress them. Loar v. State, 627 S.W.2d 399, 400 (Tex. Crim. App.
1982). Point of error four is overruled.

 Finally, appellant contends the district court erroneously excluded testimony by
Luling police officer Richard Callihan regarding statements made to him by Loyd Jones following
his arrest. Callihan would have testified that Jones told him that he broke into the restaurant to
get even with the owner, that Jones left appellant outside in the truck and did not tell him what
he was going to do, and that appellant had nothing to do with the burglary. The court sustained
the State's hearsay objection to this testimony. Appellant contends Jones's statements to Callihan
were admissible as statements against penal interest. Tex. R. Crim. Evid. 803(24).

 Under rule 803(24), a statement which at the time of its making so tended to subject
the declarant to criminal liability that a reasonable person would not have made the statement
unless he believed it to be true is admissible as an exception to the hearsay rule if corroborating
circumstances clearly indicate the trustworthiness of the statement. Burks v. State, 876 S.W.2d
877, 904-05 (Tex. Crim. App. 1994); Davis v. State, 872 S.W.2d 743, 746-49 (Tex. Crim. App.
1994). Jones's admission that he broke into the building housing the restaurant was clearly
against his penal interest and was corroborated by other evidence. But under the circumstances
of this cause, Jones's admission of guilt did not exculpate appellant because it was not inconsistent
with appellant's guilt as a party. Insofar as Jones's out-of-court admission of guilt is concerned,
the exclusion of the testimony was harmless error at most. Tex. R. App. P. 81(b)(2).

 Jones's statements to Callihan exculpated appellant only to the extent that he
claimed that appellant did not know of Jones's plan to commit the burglary and had nothing to do
with the crime. But Jones did not incriminate himself or expose himself to greater criminal
liability by saying that appellant was not involved in the burglary. Jones's assertion that he acted
alone and without appellant's knowledge or involvement was not, therefore, against Jones's penal
interest. Moreover, the circumstances do not clearly indicate the trustworthiness of this aspect
of Jones's statements. To the contrary, appellant's actions and conflicting statements to the police
on the