NUMBER 13-99-582-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOSE JAIME RODRIGUEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 92 District Court


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Yañez and

Kennedy(1)

Opinion by Justice Kennedy



 Appellant was convicted, in a three count indictment, of two
counts of assault on a public servant(2) and one count of evading arrest.(3) 
He was convicted by a jury in each count and the jury assessed
punishment on each count at confinement for two years, the terms to
run concurrently.

 The State's evidence tended to prove that on the occasion in
question appellant was in a car with some or all of his children, parked
in front of his wife's house. He was arguing with his wife when the
City of Alamo Police arrived in response to his mother-in-law's phone
call. When the police arrived, appellant began to move his car away
from the scene. The police followed with flashing lights and, finally,
appellant stopped. When the officers approached appellant's car,
appellant remained inside but rolled up the windows and locked his car. 
Appellant then exited his car and was told by the officers that he was
going to be arrested for evading arrest. At this point, appellant began
to fight the officers and succeeded in striking both officers. Appellant
was then subdued with help from other officers who had arrived at the
scene. 

 Appellant brings to this Court six points of error. We first address
point of error number two because we consider it dispositive of this
appeal.

 Point of error number two is:

 The trial court abused its discretion in refusing to permit an
eye witness to testify when called by appellant because the
accidental violation of the "rule" would not taint her
testimony which was very material to his defense.


 The record shows that a defense witness entered the courtroom
while Dr. 


Emery Suderman was testifying for the defense. 


 The witness's proposed testimony was tendered in the form of an
affidavit attached to the motion for new trial. It stated:

 On or about June 2, 1998, my family and I heard a woman
screaming at our next door neighbor's house. We all came
out to see what was going on. I saw my neighbor Martha
Rodriguez standing at the rear passenger door of a car. I
noticed that her husband, Jaime Rodriguez along with his
children were in the car. They were arguing with each
other.


 Martha was yelling at her husband using very obscene
vulgar language. I saw Christy run out of the house, and get
into the car with her father. I could hear the children telling
Martha to close the door, Martha would not close the door. 
Martha kept yelling at her husband, saying the police were
on their way to put him in jail. Jaime, the father of the
children, started to leave pulling away very slowly, and
when he had gone about thirty feet to about the front of our
house next door. I then saw him stop, and closed the rear
door. Martha was screaming furiously as the police pulled
up. As Jaime drove off, the officers got in to their car and
turned on their lights and sirens, I saw Jaime stop
immediately. The officers pulled up behind his car, and
walked over to the driver's side of the car.


 One of the officers started yelling at him, repeatedly through
the window, to get out of the car. I heard Jaime say, are
you going to arrest me? I saw the officer nod his head and
say no. As Jaime stepped out of his car, the two officers
attacked him, striking him on his shoulders repeatedly from
each side.


 The three children in the car started screaming in terror,
along with the other two children at the house. Martha and
her family went over to the car, and grabbed the children
very aggressively, as the children kept screaming and crying
out daddy, daddy.


 Several other police cars arrived, as about three more officers
surrounded him, they were all simultaneously striking him
repeatedly.


 I then saw him fall to his knees and then to the ground, as
they all got on top of him. I saw one of the officers kick
Jaime on the head. They were on him for several minutes,
as they handcuffed him.


 The officers then picked him up like a rag and put him in the
police car. He seemed to be in a lot of pain. His children
were all crying and wailing, as the police drove with their
father away. My mother, who saw the whole incident,
started to cry. I had never seen a family man brutally
attacked by officers of the law.


 This incident has confused me and shaken the trust, peace,
and security our local law enforcement stood for in our
community.


 These are the facts, that occurred on that day, as I
witnessed them.


Rule 614 of the Rules of Evidence provides, in pertinent part:

 RULE 614. EXCLUSION OF WITNESSES


 At the request of a party the court shall order witnesses
excluded so that they cannot hear the testimony of other
witnesses, and it may make the order of its own motion. 
This rule does not authorize exclusion of:


 (3) a person whose presence is shown by a party to be
essential to the presentation of the party's cause;


Tex. R. Evid. 614(3) (Vernon Special Pamphlet 2000).

 Where the "particular and extraordinary circumstances" show
neither the defendant nor his counsel have consented, procured,
connived or have knowledge of a witness or potential witness who is
in violation of the sequestration rule, and the testimony of the witness
is crucial to the defense, it is an abuse of discretion exercised by the
trial court to disqualify the witness. Webb v. State, 766 S.W.2d 236,
244 (Tex. Crim. App. 1989). In Davis v. State, 872 S.W.2d 743 (Tex.
Crim. App. 1994), the court of criminal appeals, citing Webb, reversed
a conviction for delivery of cocaine, saying: "Such disqualification [of a
defense witness for violating the sequestration rule] must be viewed in
light of the defendant's constitutional right to call witnesses on his
behalf." Davis at 745. The court also said (quoting Webb):

 A reviewing court will determine: (1) if the rule was violated
and the witness disqualified, were there other particular
circumstances, other than the mere fact of the violation,
which would tend to show the defendant or his counsel
consented, procured or otherwise had knowledge of the
witness's presence in the courtroom, together with
knowledge of the content of that witness's testimony; and
(2) if no particular circumstances existed to justify
disqualification, was the excluded testimony crucial to the
defense.


Id. at 746.


 The tendered testimony of the eyewitness to the altercation was
in no way related to, or dependent upon, the testimony of the witness
whose testimony she heard. Dr. Suderman was testifying to
appellant's physical condition, apparently in an effort to show that he
was unable to harm another person. There is no showing in the record
that the defense was guilty of any wrongful conduct in the witness
violating the rule.

 The testimony of the witness, Castillo, was crucial to the defense
in this case because she was an eyewitness to the altercation and her
testimony directly bears upon whether appellant "stopped immediately"
when he saw the officers turn on their lights. It also tends to refute the
state's testimony concerning who struck the first blow. We hold that
the trial court abused its discretion when it denied appellant the use of
this witness's testimony.

 We reverse and remand the cause for a new trial consistent
herewith.

 In view of a new trial, we suggest that the trial court reconsider
its ruling that appellant's children not be permitted to testify.

 

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 7th day of December, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).
2. Tex. Penal Code Ann. § 22.01(a)(b)(1) (Vernon 2000). 
3. Tex. Penal Code Ann. § 38.04 (Vernon 2000).