Opinion issued July 3, 2008











 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00799-CR
____________

WEN PING TONG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1116402




MEMORANDUM OPINION
          Appellant, Wen Ping Tong, appeals from a judgment convicting him for the
first-degree felony offense of engaging in organized crime. See Tex. Penal Code
Ann. § 71.02(a)(10) (Vernon Supp. 2007). Appellant pleaded not guilty to the jury. 
The jury found appellant guilty, and the court assessed punishment at 14 years in
prison. In two issues, appellant contends that the trial court erred by admitting two
statements that constituted inadmissible hearsay and violated his right to
confrontation. We conclude the evidence does not constitute inadmissible hearsay
and that appellant waived his confrontation clause challenge by failing to object on
that ground. We therefore affirm the judgment of the trial court.Factual BackgroundIn August 2005, Officer Tomeo of the Houston Police Department stopped
appellant for speeding. Appellant pulled into the driveway of a nearby house at 8506
Beechnut. The two female passengers got out of appellant’s car and entered the
house, contrary to Officer Tomeo’s instructions to remain in the car. Officer Tomeo
decided to follow the women by knocking on the door of the house. 
          When someone responded to his knock by opening the front door, Officer
Tomeo walked into the house. As he stood near the entrance on the inside of the
house, he saw video cameras, credit card stickers, and credit card processing
terminals. Officer Tomeo also saw a male and a female “engaged in sex.” Later that
day, Officer Tomeo asked the male that he saw having sex with the female what he
was doing at the location. Officer Tomeo said that the male answered that “he was
there for the purpose of having sex with the female” and “he admitted to having
agreed on a price.”
          Approximately five months later, Officer Surginer of the Houston Police
Department conducted an undercover prostitution sting at the Hong Kong Spa,
located at 5616 Schumacher. Appellant is the sole president and director of the Hong
Kong Spa, which was operated under the corporate name Zhungrun International. 
Officer Surginer testified that when he entered the building, he was asked if he
wished to pay the $120 “door fee” for entrance. He also testified that when locations
charge a large door fee, as they did in this instance, it typically means that “you’re
going to get a sex act in the back and you’re not going to have to pay any more for
it.” Officer Surginer paid the door fee and was led by a female dressed in lingerie to
a room with a bed instead of a massage table. Officer Surginer testified that the
female agreed to perform a sex act with him. Officer Surginer then notified his fellow
officers to enter the premises, and while they were searching they discovered a male
and a female, both unclothed, in bed together. Officer Surginer testified that it did
not look like the female was giving the male a massage, and that after they were
discovered, the male began removing a condom that he was wearing. When Officer
Surginer later asked the male what he was doing at the location, he “said he was there
to have sex,” and that “he had paid $120 and he had been there one other time before
and he was to have sex.”
          Five months later, Officer Leal of the Houston Police Department conducted
an undercover prostitution sting at the same location Officer Tomeo had visited. 
Officer Leal and his partner were admitted into the building, where they told
appellant that they “want[ed] a couple of girls.” A female in a short skirt and “kind
of transparent” shirt led Officer Leal upstairs to a room with a small sofa and a queen-size bed. Officer Leal testified that the female agreed to perform a sex act with him
for $120, and the female was later charged with a class C violation.
          Approximately 10 weeks later, Officer Dexter of the Houston Police
Department, while participating in an undercover prostitution sting, entered the same
Hong Kong Spa that Officer Surginer had previously visited. Officer Dexter agreed
to pay $140 for a massage, and was then led by a “scantily clad” female “dressed in
lingerie” to a room containing a wooden massage table and a full-size bed. The
female later told him “I do you” and “pointed to her genital area.” She also agreed
to perform a sex act on Officer Surginer.Admission of Hearsay
          In two issues, appellant challenges the admission of hearsay statements
testified to by Officer Tomeo and Officer Surginer by claiming that the statements
were inadmissible hearsay. At trial, the State asked Officer Tomeo and Officer
Surginer to recount their conversations with the men whom they had seen in what
appeared to be sexual encounters. Appellant objected based on hearsay when Officer
Tomeo was asked to recount what the declarant told him, but was overruled. 
Appellant also objected based on hearsay when Officer Surginer was asked to recount
statements, but the trial court overruled appellant’s objections.
A. Standard of Review for Evidentiary Rulings
          We review a trial court’s decision to admit or exclude evidence under an abuse
of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). 
More specifically, the standard of review of a trial court’s decision to admit a hearsay
statement under Rule 803(24) of the Texas Rules of Evidence is whether the trial
court abused its discretion. Cunningham v. State, 877 S.W.2d 310, 313 (Tex. Crim.
App. 1994); see also Tex. R. Evid. 803(24). We will not reverse a trial court’s ruling
unless that ruling falls outside the zone of reasonable disagreement. Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001). Therefore, we address each of
appellant’s evidentiary challenges by determining whether the trial court’s rulings
were outside the zone of reasonable disagreement. See id.B. Applicable Law
          “Hearsay” is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted. 
Tex. R. Evid. 801(d). Hearsay is not admissible except as provided by statute or by
rules prescribed pursuant to statutory authority. Tex. R. Evid. 802. A hearsay
statement may be properly admitted if the statement 
was at the time of its making so far contrary to the declarant’s pecuniary
or proprietary interest, or so far tended to subject the declarant to civil
or criminal liability . . . or to make the declarant an object of hatred,
ridicule, or disgrace, that a reasonable person in declarant’s position
would not have made the statement unless believing it to be true. In
criminal cases, a statement tending to expose the declarant to criminal
liability is not admissible unless corroborating circumstances clearly
indicate the trustworthiness of the statement.
 
Tex. R. Evid. 803(24).
                    The first inquiry under the pertinent portion of Rule 803(24) is whether the
statement tended to expose the declarant to criminal liability. Davis v. State, 872
S.W.2d 743, 747 (Tex. Crim. App. 1994). The second inquiry under Rule 803(24)
is whether or not corroborating circumstances clearly indicated the trustworthiness
of the statement. See Tex. R. Evid. 803(24). There is no definitive test by which to
gauge the existence of corroborating circumstances for the purposes of Rule 803(24).
Davis, 872 S.W.2d at 749. The burden lies with the party seeking to admit the
statement to provide evidence of corroborating circumstances that clearly indicate
trustworthiness. Id. If a hearsay statement properly satisfies both inquiries under
Rule 803(24), it is admissible as a statement against interest.
          In examining the second prong for circumstances that show trustworthiness,
a trial court should consider a number of factors, including: (1) whether the guilt of
the declarant is inconsistent with the guilt of the defendant, (2) whether the declarant
was so situated that he or she might have committed the crime, (3) the timing of the
declaration, (4) the spontaneity of the declaration, (5) the relationship between the
declarant and the party to whom the statement was made, and (6) the existence of
independent corroborating facts. Dewberry v. State, 4 S.W.3d 735, 751 (Tex. Crim.
App. 1999); see also Davis, 872 S.W.2d at 749. “The first two factors . . . logically
apply only when the defendant is the proponent of the statement against interest that
tends to exculpate the defendant.” Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim.
App. 2004).
C. Analysis of Officer Tomeo’s Testimony           
          In his first issue, appellant challenges a portion of the testimony of Officer
Tomeo, as follows: “Officer Tomeo testified that the male who was having sex with
the woman inside the location stated that ‘he told me that he was there for the purpose
of having sex with the female and that he told me that he had been introduced to that
female by An Na, who he met at Sharpstown’ and that ‘he admitted to having agreed
on a price.”’ The declarant’s statements satisfy the first prong of Rule 803(24)
because they exposed him to criminal liability. See Tex. Penal Code Ann.
§ 43.02(a)(1) (Vernon 2003) (person commits offense if he knowingly agrees to
engage in sexual conduct for fee). 
          Under the second prong of Rule 803(24), we find the corroborating
circumstances sufficient to prove the trustworthiness of the declarant’s statements. 
The first two factors are inapplicable because the defendant is not the proponent of
the statements against interest. See Woods, 152 S.W.3d at 113. Under the third
factor, the timing of the declaration closely followed Officer Tomeo’s discovery of
declarant having sex and before the declarant came under any official investigation
for his presence at the location. It therefore would support the reliability of the
statement.
          The fourth factor also points to the admission of the statement. Although the
statement was in response to a question by the officer, the response was spontaneous,
in that the declarant quickly admitted what his own purpose was at the location,
without attempting to shift blame to another or to minimize his involvement. The
record does not show any relationship between the declarant and the defendant, and
thus the fifth factor also points toward the admission of the statement because the
statement appears to be independent of any outside influence.
          In applying the sixth factor, we note the presence of significant number of
independent corroborating facts. Officer Tomeo testified that he saw the declarant
and a female having sex, and that he saw a condom wrapper on the bed. He stated
that the residence looked more like a business than a residence, and that appellant
said the “business” was his. Officer Tomeo also testified to seeing Visa and
Mastercard stickers and that credit card terminals were present, in addition to finding
thousands of dollars in cash within the residence.
          Because the declarant’s statements subject him to criminal liability and since
the record provides significant independent corroboration that clearly indicates the
trustworthiness of the declarant’s statements, we conclude that the trial court did not
abuse its discretion by admitting Officer Tomeo’s testimony regarding those
statements. See Tex. R. Evid. 803(24); see also Davis, 872 S.W.2d at 747–49. We
conclude that the trial court’s admission of Officer Tomeo’s testimony was within the
zone of reasonable disagreement. See Burden, 55 S.W.3d at 615. We therefore
overrule the first issue.
D. Analysis of Officer Surginer’s Testimony 
          In his second issue, appellant challenges the admission of hearsay testimony
by Officer Surginer. Officer Surginer testified that a male customer told him “he said
that he was there to have sex,” and “he told me he had paid $120.00 and he had been
there one other time before and he was to have sex.” The declarant’s statements
satisfy the first prong of Rule 803(24) because they exposed him to criminal liability.
See Tex. Penal Code Ann. § 43.02(a)(1) (person commits offense if he knowingly
agrees to engage in sexual conduct for fee).
          Under the second prong of Rule 803(24), we find the corroborating
circumstances sufficient to prove the trustworthiness of the declarant’s statements. 
The first two factors are inapplicable because the defendant is not the proponent of
the statements against interest. See Woods, 152 S.W.3d at 113. Under the third
factor, the timing of the declaration closely followed Officer Surginer’s discovery of
declarant and a female in a bed, unclothed, with the declarant removing a condom,
and before the declarant came under any official investigation for his presence at the
location. It therefore would support the reliability of the statement.
          The fourth factor also points to the admission of the statement. Although the
statement was in response to a question by the officer, the response was spontaneous,
in that the declarant quickly admitted what his own purpose was at the location,
without attempting to shift blame to another or to minimize his involvement. The
record does not show any relationship between the declarant and the defendant, and
thus the fifth factor also points toward the admission of the statement because the
statement appears to be independent of any outside influence.
          In applying the sixth factor, we note the presence of significant number of
independent corroborating facts. Officer Surginer testified that at the location in
question, he paid the $120 “door fee,” which typically entitles a customer to “get a
sex act in the back.” Declarant said that he also was charged $120. Officer Surginer
described the room to which he was taken to as unlike a legitimate spa, having an
actual bed instead of a massage table. A female at the location agreed to perform a
sex act on Officer Surginer. When Officer Surginer discovered the declarant, he
testified that he found the declarant and a female naked in bed together, and that the
declarant then began removing a condom that he had been wearing. Officer Surginer
further testified the location “was a house of prostitution. It was a brothel.”
          Because the declarant’s statements subject him to criminal liability and since
the record provides significant independent corroboration that clearly indicates the
trustworthiness of the declarant’s statements, we conclude that the trial court did not
abuse its discretion by admitting Officer Surginer’s testimony regarding those
statements. See Tex. R. Evid. 803(24); see also Davis, 872 S.W.2d at 747–49. We
conclude that the trial court’s admission of Surginer’s testimony was within the zone
of reasonable disagreement. See Burden, 55 S.W.3d at 615. We therefore overrule
that portion of appellant’s second issue, challenging the trial court’s admission of
Officer Surginer’s testimony over appellant’s hearsay objection.
 
 
Right to Confrontation
          Within his second issue, appellant contends that the admission of the contested
hearsay statements violated his constitutional right to confrontation. See U.S. Const.
Amend. VI; Tex. Const. art. I, §10. At trial, appellant made only general hearsay
objections and did not object based on his right to confrontation. An objection at trial
based only on hearsay fails to preserve error on Confrontation Clause grounds. 
Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004). We hold that
appellant failed to preserve error on Confrontation Clause grounds at trial because he
failed to assert that objection at trial. See id.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. See Tex. R. App. P. 47.2.