William Owen COFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 1089–93.

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1994.

Reginald K. Nix, Houston, for appellant.

Michael J. Guarino, Dist. Atty., Denise V. Wilkerson, Asst. Dist. Atty., Galveston, and Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge.

Appellant was charged by indictment with possession of less than 28 grams of cocaine. On November of 1991, in a trial by jury in the 212th District Court of Galveston County, appellant was found guilty. The jury then assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 25 years and a fine of $2,500. The Thirteenth Court of Appeals reversed. *Cofield v. State,* 857 S.W.2d 798 (Tex.App.—Corpus Christi 1993). We granted the State's petition for discretionary review raising three questions challenging the court of appeals' decision.[1]

## I.

### SUMMARY OF PERTINENT FACTS

The record reflects that on the evening of October 7, 1989, two Texas Department of Public Safety troopers observed appellant parked on the roadway in a vehicle at a dead-end street. Appellant was in the driver's seat, with a woman in the front passenger seat. Both appellant and the passenger were observed making movements indicative of stuffing something under the seats. Drug paraphernalia, cocaine, and a pistol were found in the vehicle. Specifically, a glass bottle and scouring pads were found partially on the console between the bucket seats. A yellow bag, containing a wooden or glass pipe and drug paraphernalia, was found underneath the front passenger seat. A little copper pipe was found in a pouch area on the driver's side in the doorway, while the pistol was found underneath the driver's seat. A piece of rock cocaine was found in the passenger's jacket pocket. One of the troopers testified about an oral statement that the passenger had made at the time of arrest which indicated that she and appellant had

---

1. Tex.R.App.Pro. 202(d)(5) provides for questions presented for review in lieu of grounds for review.

been smoking cocaine shortly before the troopers had arrived.

## II.

## COURT OF APPEALS' DECISION

The court of appeals sustained appellant's point of error concerning the introduction of hearsay testimony regarding the passenger's extrajudicial statement about smoking cocaine with appellant. *Cofield v. State, supra.* It held that in a situation when partners in crime are caught in the act, thus being inherently adversarial in striving to mitigate their own culpability, a statement by one inculpating himself meets the Tex.R.Crim.Evid. 803(24) hearsay exception as a statement against his own interest, but cannot be considered reliable as to the other party when it is also against that other party's penal interest. *Cofield v. State,* 857 S.W.2d at 805. It also did not find any of the required corroborating evidence to indicate that the statement was clearly trustworthy as to both appellant and the passenger, rather than the passenger alone, smoking the cocaine. *Id.* It concluded that the erroneous admission of the passenger's hearsay statement was not harmless and reversed. *Id.*

## III.

## THE STATE'S CLAIMS

We granted the State's petition which presents three questions for review. Question Number One asks, "Pursuant to Texas Rules of Criminal Evidence, Rule 803(24) is appellant required to state a specific objection regarding the State's alleged failure to introduce sufficient corroborating facts?" Question Number Two asks, "Where the hearsay statement that is within a statutory exception to the hearsay rule not only inculpates the declarant, but exposes the defendant to criminal liability as well, does a trial court always abuse its discretion in admitting the statement?" Question Number Three asks, "Did the court of appeals conduct an incorrect harm analysis by failing to consider all the factors?"

## IV. ANALYSIS OF CLAIMS

### A. Question Number One

■ With respect to Question Number One, the State suggests that appellant's "plain vanilla hearsay objection" was insufficient to preserve error since it was not apparent that his complaint specified that insufficient corroborating circumstances supported the admission of the hearsay statement. It also suggests that all participants at trial did not in fact understand that appellant's objection was to the insufficiency of the corroboration to meet the requirements of Tex.R.Crim.Evid. 803(24), but rather that the statement was involuntary or was not a statement against the passenger's penal interest.

■ Appellant unsuccessfully objected "on grounds of hearsay" as to "[the passenger]'s statement given to him." Identifying challenged evidence as hearsay should generally be regarded as a sufficiently specific objection. *Lankston v. State,* 827 S.W.2d 907, 910 (Tex.Cr.App.1992). When appellant made his hearsay objection, the State responded that "[i]t's well-known the rules of exception against penal interest if she made this statement." The trial court then overruled the objection. Based upon the objection and the State's response thereto, it is obvious that the trial court and the parties were well aware that the evidence was being proffered as an exception to the hearsay rule as a statement against the passenger's penal interest. Thus the trial court was called upon to determine whether that exception applied. Since appellant preserved error by raising an objection to the hearsay, the burden then became the State's to show that the evidence was admissible pursuant to some exception to the hearsay rule. *Long v. State,* 800 S.W.2d 545, 548 (Tex.Cr.App.1990). The answer to the State's first question is that an appellant is required to make a specific objection. Nevertheless, based on the above discussion, the State's question for review number one is overruled.

### B. Question Number Two

With respect to Question Number Two, the State questions the court of appeals' "over-

broad assertion" that a declarant's statement which includes someone else in his misconduct cannot be considered reliable. The State insists such a view ignores fact situations where corroborating circumstances make the statement reliable. The State also notes that the fact that each co-defendant is inherently adversarial, thus striving to mitigate his own culpability, does not justify the promulgation of an exception to Rule 803(24), which does not provide that a co-defendant's hearsay statement may never be admissible, but rather that it must simply be corroborated.

■ Rule 803(24) requires that for a statement against interest tending to expose the declarant to criminal liability to be admissible, there must be corroborating circumstances clearly indicating the trustworthiness of the statement. The court of appeals found no corroborating evidence to indicate that the statement was clearly trustworthy as to both appellant and the passenger, rather than the passenger alone, smoking the cocaine. *Cofield v. State*, 857 S.W.2d at 805.

We have recently stated that the focus of the inquiry on determining the existence of corroborating circumstances is on verifying to the greatest possible extent the trustworthiness of the statement so as to avoid the admissibility of a fabrication. *Davis v. State*, 872 S.W.2d 743, 748 (Tex.Cr.App.1994). We concluded that no definitive test exists by which to gauge the existence of the corroborating circumstances for purposes of Rule 803(24), but that any number of factors may be considered in the inquiry. *Id.* at 749. Included among the several factors we discussed were whether the guilt of the declarant is inconsistent with the guilt of the defendant, whether the declarant was so situated that he might have committed the crime, and the relationship between the declarant and the party to whom the declaration was made. *Id.* Evidence which undermines the reliability of the statement as well as evidence corroborating its trustworthiness may be considered. *Id.* The party seeking to introduce the hearsay statement into evidence has the burden, and the evidence of corroborating circumstances must *clearly* indicate trustworthiness. *Id.*

■ In the instant cause, it appears that the court of appeals did consider various factors in analyzing appellant's claim. It noted that the passenger's statement, while inculpating herself, also exposed appellant to criminal liability. *Cofield v. State*, 857 S.W.2d at 804. It also discussed that when a speaker implicates another in a criminal act, the speaker may be trying to curry favor with the police, shift or spread the blame, avenge himself, or divert attention away from his own culpability. *Id.* at 805. We note that the passenger did make the statement in question to one of the arresting officers. We also note that the passenger's guilt could be inconsistent with the guilt of the defendant if she actually had sole exclusive possession of the cocaine, and that she was so situated that she might have committed the crime in that the piece of rock cocaine was found in the jacket that she had. In *Davis v. State*, 872 S.W.2d at 748, footnote 11, we pointed out that "potential problems may arise when statements of third parties who are co-conspirators or co-defendants are offered under Rule 803(24)."

■ Rule 803(24) provides for an exception to the hearsay rule for a statement against the *declarant's* interest. For a statement tending to expose the *declarant* to criminal liability to meet the Rule 803(24) exception, corroborating circumstances must clearly indicate the trustworthiness of the statement. It does not provide a hearsay rule exception for a declarant's statement which is against *someone else's* interest, e.g. a third-party, a co-actor, or a co-defendant. The court of appeals held "[a] statement meets the exception to the hearsay rule when it is against the speaker's interest only, but cannot be considered reliable as to the other party when it is also against that party's penal interest." *Cofield v. State*, 857 S.W.2d at 805.

The United States Supreme Court has also recently addressed a co-actor's hearsay state-

ment inculpating himself and the defendant. In *Williamson v. U.S.,* —— U.S. ——, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994), the Supreme Court clarified the scope of the hearsay exception for statements against penal interest pursuant to the Federal Rules of Evidence. It discussed the general principle of hearsay inadmissibility being based upon the theory that out-of-court statements are subject to particular hazards, e.g. that the declarant might be lying, or might have misperceived the events which he relates, or might have faulty memory, or that his words might have been misunderstood or taken out of context by the listener; and that the ways in which those dangers are minimized for in-court statements, e.g. the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and the right of cross-examination, are generally absent for things said out of court. *Id.,* —— U.S. at ——, 114 S.Ct. at 2434, 129 L.Ed.2d at 481–82. It interpreted Federal Rule 804(b)(3), which involves the exception for statements against the declarant's interest, and concluded that it did not allow the admission of non-self-inculpatory statements even if made within a broader narrative that is generally self-inculpatory. *Id.,* —— U.S. at ——, 114 S.Ct. at 2435, 129 L.Ed.2d at 482–83. It points out that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts[,]" and that "[o]ne of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." *Id.* However, it did add that "[e]ven the confessions of arrested accomplices may be admissible if they are truly self-inculpatory, rather than merely attempt[ing] to shift blame or curry favor." *Id.,* —— U.S. at ——, 114 S.Ct. at 2436, 129 L.Ed.2d at 485. The Supreme Court had previously recognized that "a codefendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability because those passages may well be the product of the codefendant's desire to shift or spread blame, curry favor, avenge himself, or

divert attention to another." *Lee v. Illinois,* 476 U.S. 530, 545, 106 S.Ct. 2056, 2064, 90 L.Ed.2d 514, 529 (1986).

■ Though the Supreme Court in *Williamson* was interpreting the federal rule, our Rule 803(24) contains very similar language, and we find the Supreme Court's reasoning and analysis persuasive. While Rule 803(24) speaks to statements that are contrary to the declarant's interest, and contains an additional requirement of corroborating circumstances which clearly indicate the trustworthiness of the statement, as the Supreme Court acknowledged there are circumstances in which hearsay statements by a co-defendant which inculpate the defendant would be admissible against that defendant where the statement was sufficiently against the declarant's penal interest that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *Williamson v. U.S.,* —— U.S. at ——, 114 S.Ct. at 2436–2437, 129 L.Ed.2d at 484–86. Therefore, while the court of appeals may have spoken somewhat overly broadly in saying that "[a] statement meets the exception to the hearsay rule when it is against the speaker's interest only, but cannot be considered reliable as to the other party when it is also against that party's penal interest," we conclude that it was correct in its decision that in the instant cause the passenger's hearsay statement did not meet the Rule 803(24) hearsay exception. Therefore in response to the State's second question for review, we answer that a trial court does not *always* abuse its discretion in admitting a hearsay statement which inculpates not only the declarant but the defendant as well, because, as discussed above, factors need to be considered in determining the existence of corroborating facts so as to avoid admitting a fabrication, i.e. a false statement. Nevertheless, based upon the above discussion, the State's question for review number two is overruled.

## C. Question Number Three

In Question Number Three, the State attacks the court of appeals' harm analysis, and

discusses the considerations and factors which this court in *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989), said are relevant in undertaking such a harm analysis. The State discusses the error, the evidence, and the jury arguments and avers that the admission of the passenger's hearsay statement made no contribution to appellant's conviction or punishment.

■ As the court of appeals noted, Tex. R.App.Pro. 81(b)(2) provides for reversal unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. The court of appeals then discussed the evidence, including the fact that the only quantity of cocaine found was recovered in the passenger's coat pocket, and that she was observed stuffing something underneath her seat as the officers approached, whereupon a yellow bag containing drug paraphernalia with a trace of cocaine was found. *Cofield v. State*, 857 S.W.2d at 805. The court of appeals also noted that the issue was whether the passenger possessed the cocaine by herself or jointly with appellant, and that her inadmissible hearsay statement tied him to the cocaine by declaring that they were smoking it together. *Id.*

Pursuant to *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1992), in the instant cause, we are not inclined to substitute our own judgment on the question of harm for that of the lower court. Though the court of appeals does not specifically mention the *Harris* factors, it does cite Rule 81(b)(2) and its standard for reversal. As noted above, it also discusses the relevant evidence. Our examination of the court of appeals' opinion does not indicate that its analysis of the harm issue was inadequate or improper, thus there is no need for this Court to reevaluate it. *See, e.g., Bishop v. State*, 869 S.W.2d 342, 346–347 (Tex.Cr.App.1994). Accordingly, the State's Question Number Three is overruled.

■ The dissent finds that any error in admitting the oral statement of the passenger was waived. The dissent also makes an argument that the State did not make at trial, nor on appeal before the court of appeals, nor on appeal before this Court. The dissent's basis for such does not comport with the parties' and the trial court's apparent understanding of the objection at trial. The objection was to hearsay, and the witness answered more broadly than he was questioned. In the absence of an exception, hearsay testimony is objectionable and whether it is oral or written is not a distinguishing factor. Also, the State has never asserted that appellant's subsequent cross-examination about the previously unsuccessfully objected-to hearsay waived that previous objection. The record reflects that appellant's cross-examination was an effort to meet, rebut, destroy, deny or explain the improperly admitted evidence per *Rogers v. State*, 853 S.W.2d 29, 35 (Tex.Cr.App.1993), which does not waive the previously objected-to error.

The judgment of the court of appeals is affirmed.

MALONEY, J., concurs in result.

CAMPBELL, J., not participating.

McCORMICK, Presiding Judge, dissenting.

I dissent because the majority fails to recognize that the statement upon which the Court of Appeals based its reversal of appellant's conviction, Kay Barnhill's oral statement incriminating both herself and the appellant, was solicited by defense counsel on cross-examination. Therefore, any error in its admission was waived. *Adams v. State*, 685 S.W.2d 661, 668–69 (Tex.Cr.App.1985). Recognition of two different statements[1], one written and one oral, is clearly shown by the facts.

At the police station, Kay Barnhill made an oral statement to Trooper Neubauer that she

---

1. The majority states in its response to the dissent that "[i]n the absence of an exception, hearsay testimony is objectionable and whether it is oral or written is not a distinguishing factor".

While this is a true statement, it adds nothing to the fact that in the case before us there were two different statements made, one oral and one written.

had smoked crack cocaine with the appellant immediately before the arresting officers arrived. She later gave a written statement indicating that she had taken "one hit off of the pipe before the police came up." In order to alleviate the confusion regarding the statements given by Kay Barnhill the following relevant exchange of questions during direct examination between Fox, the prosecutor, and Trooper Neubauer is helpful:

"Q. When you made that stop, Trooper Castro and yourself made the stop, either of the individuals in the car make any comments to you as to why they were there?

"A. No sir. Not at that time. Later Kay Barnhill gave us a statement.

"Q. What was her statement, sir?

"A. Her statement, it was a very short statement at the time. It was stated after we found this, had patted down Miss Kay Barnhill and found this in the pocket of her jacket—

"Mr. Nix: We object on grounds of hearsay.

"The Court: I'll overrule the objection. Are we talking about the last statement?

"Mr. Nix: No. The statement he's about to give. Mrs. Barnhill's statement given to him.

"Mr. Fox: It's well known the rules of exception against penal interest if she made this statement.

"The Court: Overruled.

"Q. Continue.

"A. She gave a *written statement* to a narcotics officer, Officer Kohn with DPS. She stated the jacket she was wearing wasn't hers and she didn't know this rock of cocaine was in it but they [2] were smoking cocaine out of this pipe just

prior to (sic) we drove up. That was about the short of the statement she gave us. *It was about a three-line statement. I don't have it here with me.*" (Emphasis added).

It is clear that the statement to which defense counsel objected, on hearsay grounds, was the written statement given by Kay Barnhill.

The oral statement of which the appellant complained on appeal was solicited later on cross-examination by Mr. Nix, the defense attorney. This is clearly shown by the following exchange between Nix and Trooper Neubauer:

"Mr. Nix: Your Honor, I request that the State produce Ms. Barnhill's Statement.

(DISTRICT ATTORNEY TENDERS DOCUMENT TO DEFENSE LAWYER)

"Q. I believe you testified just now that Ms. Barnhill made a statement that her and the defendant were smoking cocaine before you came up?

"A. *That's what she told me at Dickinson PD.* Then later on DPS Agent Kohn took a statement from Miss Barnhill, a short little paragraph stating—I don't have it with me—stating what she actually told Trooper Kohn. But somewhere along the lines, it was the same thing she stated to me.

"Q. She *told* you that they were smoking cocaine?

"A. Yes, sir. While we was there waiting for the DPS narcotics agent to arrive at Dickinson PD."

The defense attorney then had Trooper Neubauer read Kay Barnhill's written statement into evidence and entered the written statement into evidence as defendant's exhibit number two [3].

The oral statement made by Kay Barnhill, upon which the Court of Appeals based its

---

**2.** Although Trooper Neubauer mischaracterized Kay Barnhill's written statement as stating that "they" were smoking cocaine, it is clear from reading the record that the officer is referring to the written statement in his answer.

**3.** The pertinent portion of defendant's exhibit number two reads as follows:

"I borrowed the jacket from a girlfriend. The rock was inside of the pocket, but I did not

reversal of appellant's conviction, was solicited by defense counsel without objection. Therefore, any error in admitting the oral statement was waived. *Adams,* 685 S.W.2d at 668–69. Appellant's claim to the Court of Appeals that Kay Barnhill's oral statement was admitted over his hearsay objection is erroneous. The record clearly shows that defense counsel's hearsay objection, however he may now claim on appeal was directed, referred to Kay Barnhill's written statement to which Trooper Neubauer testified immediately following the objection being overruled.

The written statement was properly admitted as an exception to the prohibition against hearsay because it is a "Statement Against Interest." Tex.R.Crim.Evid. 803(24). The rule requires that the statement exposing the declarant to criminal liability be corroborated to clearly indicate the trustworthiness of the statement. Although the Court of Appeals found insufficient evidence to corroborate that appellant and Kay Barnhill were smoking the cocaine together, they did find that there was sufficient evidence to indicate that Barnhill alone was smoking the cocaine. *Cofield v. State,* 857 S.W.2d at 805.

Since the Court of Appeals found sufficient corroborating evidence to indicate that Kay Barnhill, alone, was smoking the crack cocaine and the written statement incriminated only her, the written statement satisfies the requirements of and was properly admitted under Texas Rule of Criminal Evidence 803(24). The hearsay objection was therefore properly overruled and the contents of the written statement were properly admitted.

It is interesting to note that the majority attempts to get around the waiver problem in a number of ways, none of which make any sense. The majority first says that we now make "an argument that the State did not make at trial, nor on appeal before the Court of Appeals, nor on appeal before this Court".[1] They go on to say that our "basis for such does not comport with the parties' and the trial court's *apparent understanding* of the objection at trial." (Emphasis added). However, if appellant had made a specific objection as to the sufficiency of the corroborating facts[5] as Texas Rule of Evidence 103(a)(1) requires, we would not have to speculate on appeal as to what the parties or the trial court "apparently" thought.

In trying to further justify their rationale, the majority also states that "[t]he objection was to hearsay, and the witness answered more broadly than he was questioned." Undoubtably, if the witness answered "more broadly than he was questioned" then the correct objection was to responsiveness, not hearsay.

In a last ditch effort, the majority claims that "appellant's cross-examination was an effort to meet, rebut, destroy, deny or explain the improperly admitted evidence per *Rogers v. State,* 853 S.W.2d 29, 35 (Tex.Cr. App.1993), which does not waive the previously objected-to error." This argument begs the question by assuming that the written statement was "improperly admitted evidence."

Finding no error in the admission of Kay Barnhill's oral or written statement, I would reverse the decision of the Court of Appeals.

know it was there. I took one hit off of the pipe before the police came up. I can read and write the English language."

4. Appellant's argument on appeal to the Court of Appeals was that the trial court erred by overruling his objection to the introduction of a statement made by Barnhill to Trooper Neubauer. The complained of statement is indisputably the oral statement. The Court of Appeals reversed finding insufficient corroboration of the oral statement to meet the hearsay exception. However, the Court of Appeals failed to realize that the statement on which they based their reversal was actually the written statement. The majority

would have us close our eyes to this fact so that they may address the question of law on whether the oral statement was sufficiently corroborated. This legal question is not properly before us as the facts do not present it.

5. In question one on discretionary review the State asks, "Pursuant to Texas Rules of Criminal Evidence, Rule 803(24), is appellant required to state a specific objection regarding the State's alleged failure to introduce sufficient corroborating facts?".

Because the majority persists in fighting the facts, I dissent.

WHITE and MEYERS, JJ., join this dissent.