# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00085-CR

**Carlos Francisco Charles, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2000-106, HONORABLE GARY L. STEEL, JUDGE PRESIDING

A jury found appellant Carlos Francisco Charles guilty of possessing more than five pounds of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (West Supp. 2002). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment for twenty-five years. We will overrule appellant's two points of error and affirm the conviction.

A pickup truck driven by Edward Higgins was stopped for observed traffic violations by a Department of Public Safety trooper in San Antonio. This set in motion a chain of events that resulted in the discovery of twenty-three bags of marihuana concealed in the truck's doors and speaker boxes. Higgins claimed to be a mere "mule" and offered to help narcotics officers make a case against the men for whom he was working, who were following him in another vehicle. A plan was devised whereby Higgins drove to a truck stop in New Braunfels, switched two spark plug wires to disable the truck, and called a contact number to report that he had broken down. Higgins wore a wireless microphone, and an unmarked van with a video camera was parked nearby to record what

took place. The "tail car" arrived at the truck stop an hour after Higgins placed the call. It was occupied by appellant and Pedro Gomez. Higgins, Gomez, and appellant conversed at the truck stop for about an hour and a half. When Gomez and appellant drove off without having taken possession of the marihuana, they were stopped and arrested.

Neither Higgins nor Gomez testified at appellant's trial. The silent videotape of the events at the truck stop was admitted in evidence and shown to the jury. The audio tape recordings of the transmissions from Higgins's microphone were not admitted. Instead, as the videotape was played, the Department of Public Safety narcotics officer who supervised the operation testified to what the three men were saying based on his recollection of the events and his review of the audio tapes.

In his first point of error, appellant contends his constitutional right to confrontation was violated when the court permitted the narcotics officer to relate Higgins's out-of-court statements. *See* U.S. Const. amend. VI. This objection was not made to the district court and therefore not preserved for review. Tex. R. App. P. 33.1(a); *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). Point of error one is overruled.[1]

---

[1] The district court ruled that Higgins's statements were hearsay but admissible under the exception for statements against penal interest. *See* Tex. R. Evid. 803(24). We express no opinion as to whether Higgins's statements were offered to prove the truth of the matters stated or merely to prove what he said. *See* Tex. R. Evid. 801(d); *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). We also express no opinion as to whether Higgins's statements, if hearsay, were against his penal interest under the circumstances. *See Williamson v. United States*, 512 U.S. 594, 599-601 (1994); *Cofield v. State*, 891 S.W.2d 952, 955-56 (Tex. Crim. App. 1994); *see also Mendez v. State*, 56 S.W.3d 880, 887-92 (Tex. App.–Austin 2001, pet. filed).

In his second point of error, appellant contends the State failed to corroborate the statements attributed to Higgins. *See* Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice witness rule). Appellant argues that without corroboration, Higgins's statements cannot be considered and the evidence is insufficient to sustain his conviction. This argument fails because article 38.14 applies only to in-court testimony; out-of-court statements by an accomplice do not require corroboration under the statute. *Bingham v. State*, 913 S.W.2d 208, 209-10 (Tex. Crim. App. 1995). Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   February 7, 2002

Do Not Publish