TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00085-CR







Carlos Francisco Charles, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR2000-106, HONORABLE GARY L. STEEL, JUDGE PRESIDING







A jury found appellant Carlos Francisco Charles guilty of possessing more than five
pounds of marihuana. See Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (West Supp. 2002). 
The district court assessed punishment, enhanced by previous felony convictions, at imprisonment
for twenty-five years. We will overrule appellant's two points of error and affirm the conviction.

A pickup truck driven by Edward Higgins was stopped for observed traffic violations
by a Department of Public Safety trooper in San Antonio. This set in motion a chain of events that
resulted in the discovery of twenty-three bags of marihuana concealed in the truck's doors and
speaker boxes. Higgins claimed to be a mere "mule" and offered to help narcotics officers make a
case against the men for whom he was working, who were following him in another vehicle. A plan
was devised whereby Higgins drove to a truck stop in New Braunfels, switched two spark plug wires
to disable the truck, and called a contact number to report that he had broken down. Higgins wore
a wireless microphone, and an unmarked van with a video camera was parked nearby to record what
took place. The "tail car" arrived at the truck stop an hour after Higgins placed the call. It was
occupied by appellant and Pedro Gomez. Higgins, Gomez, and appellant conversed at the truck stop
for about an hour and a half. When Gomez and appellant drove off without having taken possession
of the marihuana, they were stopped and arrested. 

Neither Higgins nor Gomez testified at appellant's trial. The silent videotape of the
events at the truck stop was admitted in evidence and shown to the jury. The audio tape recordings
of the transmissions from Higgins's microphone were not admitted. Instead, as the videotape was
played, the Department of Public Safety narcotics officer who supervised the operation testified to
what the three men were saying based on his recollection of the events and his review of the audio
tapes.

In his first point of error, appellant contends his constitutional right to confrontation
was violated when the court permitted the narcotics officer to relate Higgins's out-of-court 
statements. See U.S. Const. amend. VI. This objection was not made to the district court and
therefore not preserved for review. Tex. R. App. P. 33.1(a); Wright v. State, 28 S.W.3d 526, 536
(Tex. Crim. App. 2000). Point of error one is overruled. (1)

In his second point of error, appellant contends the State failed to corroborate the
statements attributed to Higgins. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979)
(accomplice witness rule). Appellant argues that without corroboration, Higgins's statements cannot
be considered and the evidence is insufficient to sustain his conviction. This argument fails because
article 38.14 applies only to in-court testimony; out-of-court statements by an accomplice do not
require corroboration under the statute. Bingham v. State, 913 S.W.2d 208, 209-10 (Tex. Crim. App.
1995). Point of error two is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 7, 2002

Do Not Publish
1. The district court ruled that Higgins's statements were hearsay but admissible under the
exception for statements against penal interest. See Tex. R. Evid. 803(24). We express no
opinion as to whether Higgins's statements were offered to prove the truth of the matters stated
or merely to prove what he said. See Tex. R. Evid. 801(d); Dinkins v. State, 894 S.W.2d 330,
347 (Tex. Crim. App. 1995). We also express no opinion as to whether Higgins's statements,
if hearsay, were against his penal interest under the circumstances. See Williamson v. United
States, 512 U.S. 594, 599-601 (1994); Cofield v. State, 891 S.W.2d 952, 955-56 (Tex. Crim.
App. 1994); see also Mendez v. State, 56 S.W.3d 880, 887-92 (Tex. App.--Austin 2001, pet.
filed).