NO. 07-09-0145-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 16, 2010

 JOSE ANGEL RODRIGUEZ, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

 NO. 2626; HONORABLE KELLY G. MOORE, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Jose Angel Rodriguez, was convicted by a jury of
evading arrest or detention[1] and sentenced to eighteen months
confinement in the State Jail Division of the Texas Department of
Criminal Justice. The trial court subsequently suspended his sentence
in favor of community supervision for five years. On appeal,
Appellant asserts the trial court: (1) erred when it excluded
testimony of a hearsay statement favorable to the defense; (2)
violated his due process rights under the Fifth and Fourteenth
Amendments of the United States Constitution by excluding the hearsay
evidence; (3) violated his right to a fair trial, compulsory service,
and effective assistance of counsel by excluding the hearsay evidence;
and (4) to the extent his constitutional claims regarding exclusion of
the hearsay evidence were not properly preserved before the trial
court, his trial counsel provided ineffective assistance. We affirm.

 Background

 On October 26, 2007, the Yoakum County Grand Jury returned an
indictment alleging that, on or about August 11, 2007, Appellant,
while using a vehicle, intentionally fled from Ryan Taylor a person he
knew was a peace officer who was attempting to lawfully arrest or
detain Appellant.

 At trial, Officer Ryan Taylor, an officer with the Denver City
Police Department, testified that, on August 11, 2007 at 2:24 a.m., he
was on patrol when he received a dispatch reporting an idling car
parked in front of a house with its lights on and no one present.
After verifying the circumstances underlying the call, Officer Taylor
patrolled the vicinity looking for pedestrians. Later, at 2:50 a.m.,
he observed the same car driving in the area. He checked the license
plate and identified the car as belonging to Appellant. He also
learned Appellant's driver's license was suspended.

 He followed the car to a convenience store and observed
Appellant exiting from the driver's side wearing a white t-shirt and
another person, later identified as Eric Mendoza, exiting from the
passenger side wearing a brown shirt. He next observed Appellant
leave the store and enter the car on the driver's side. Mendoza
entered on the passenger side. Appellant then drove away down the
alley behind the store and Officer Taylor temporarily lost sight of
the vehicle. When he observed Appellant's car make a u-turn north of
the convenience store, Officer Taylor activated his overhead lights.
The car stopped, then accelerated, ran a stop sign, and exceeded the
speed limit before being stopped a second time when Deputy Noe Valdez
of the Yoakum County Sheriff's Office pulled in front of the car.
Officer Taylor pulled in behind the car.

 Officer Taylor testified that, from the moment he first
activated his overhead lights, he never lost sight of Appellant's car.
 When the car was stopped, Appellant was sitting in the right
passenger seat with the seat fully reclined and Mendoza was sitting on
the left side of the backseat. The two men were wearing the same
clothes they wore when exiting the convenience store. Taylor
testified that, when he asked Appellant who was driving the car when
it was pulled over, Appellant stated Mendoza was driving. However,
based on his earlier observation of Appellant entering the driver's
side of the vehicle, it was his opinion that Appellant was driving
when he first attempted to stop the vehicle.

 Deputy Valdez testified that, after stopping Appellant's car, he
exited his cruiser and approached the car. When he approached the
car, "[he] observed [Appellant] jump from the driver's seat onto the
front passenger seat" and "[Mendoza] jumped to the left rear of the
vehicle behind the seat."

 In defense, Appellant called his great-grandmother,[2] Juanita
Rodriguez, to testify about a telephone conversation she had with
Mendoza two months earlier. Before she could testify concerning
Mendoza's statements, the State objected to the testimony as hearsay.
In response to the State's objection, Appellant contended the
statement was admissible as a statement against interest.[3] Outside
the presence of the jury, Rodriguez testified that she had a telephone
conversation with Mendoza, who had called to speak to Jose. Rodriguez
stated: "He [Mendoza] told me that he was driving. My son was asleep
beside him, but he got scared and jumped to the back when he was
stopped." Ultimately the trial court found that there was
insufficient corroborating circumstances to clearly indicate the
trustworthiness of the statement and denied its admission.

 Appellant subsequently testified that, at the time of the
traffic stop, he had been sleeping in the seat on the passenger side---
"passed out for the past two hours." He stated that, when his car was
stopped by Officer Valdez, Mendoza put the car in park and jumped from
the driver's seat to the backseat. On cross-examination, Appellant
could not explain why Officer Taylor observed the car empty less than
two hours earlier at 2:24 a.m., or Officer Taylor's testimony that
Appellant later exited and entered the driver's side of the car at a
convenience store, except to say he "[couldn't] recall being there at
Allsups."

 Thereafter, Appellant was convicted by the jury of evading
arrest or detention and sentenced to eighteen months confinement. The
trial court suspended his sentence in favor of community supervision
for five years. This appeal followed.

 Discussion

 All four of Appellant's issues center on whether the trial court
erred in excluding Mendoza's hearsay statement.[4] Appellant asserts
the trial court should have admitted the testimony as a statement
against the declarant's penal interest under Rule 803(24) of the Texas
Rules of Evidence.[5] Appellant further asserts the trial court erred
in its finding that the circumstances surrounding Mendoza's statement
did not clearly indicate its trustworthiness.

 I. Standard of Review

 We review a trial court's decision to admit or exclude a hearsay
statement offered under Rule 803(24) for an abuse of discretion.
Bingham v. State, 987 S.W.2d 54, 57 (Tex.Crim.App. 1999). A trial
court does not abuse its discretion if its evidentiary ruling lies
within the "zone of reasonable disagreement," and is correct under any
legal theory applicable to the case. Winegarner v. State, 235 S.W.3d
787, 790 (Tex.Crim.App. 2007); Gongora v. State, 214 S.W.3d 58, 64
(Tex.App.--Fort Worth 2006, pet. ref'd). "[B]ecause the trial court
is usually in the best position to decide whether evidence should be
admitted or excluded, we must uphold its ruling unless its
determination was so clearly wrong as to lie outside the zone with
which reasonable persons might disagree." Kacz v. State, 287 S.W.3d
497, 502 (Tex.App.--Houston [14th Dist.] 2009, no pet.) (citing
Winegardner, 235 S.W.3d at 790).

 II. Rule 803(24)

 "In order for a declaration against interest to be admissible
under Rule 803(24), the statement must be self-inculpatory with
corroborating circumstances to indicate the trustworthiness of the
statement." Woods v. State, 152 S.W.3d 105, 112 (Tex.Crim.App. 2004),
cert. denied, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005).
The party seeking admission of the statement has the burden or
producing corroborative evidence sufficient to clearly establish the
trustworthiness of the statement. Cofield v. State, 891 S.W.2d 952,
955 (Tex.Crim.App. 1994).

 Rule 803(24) sets out a two-step foundation requirement for
admissibility. Walter v. State, 267 S.W.3d 883, 890 (Tex.Crim.App.
2008). First, the trial court must determine whether the statement in
question tends to expose the declarant to criminal liability and
"whether the declarant realized this when he made [the] statement."
Id. at 890-91. Second, the trial court must determine whether
corroborating circumstances exist that clearly indicate the
trustworthiness of the statement. Id. at 891; Bingham, 987 S.W.2d at
57.

 We begin with the question of whether Mendoza's statement
exposed him to criminal liability. For this exception to apply, his
statement must be against his own penal interest. See Guidry v.
State, 9 S.W.3d 133, 149 (Tex.Crim.App. 1999), cert. denied, 531 U.S.
837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000). A person commits the
offense of evading arrest or detention if he intentionally flees from
a person he knows is a police officer attempting to lawfully arrest or
detain him. Tex. Penal Code Ann. § 38.04 (Vernon 2003); Hazkell v.
State, 616 S.W.2d 204, 205 (Tex.Crim.App. 1981). Here, Mendoza
admitted to driving a car that first pulled over in response to
Officer Taylor's overhead lights, then drove off, committed several
traffic violations, and subsequently stopped a second time when the
road was blocked by Deputy Valdez's cruiser. Accordingly, we find
Mendoza's hearsay statement sufficiently exposed him to criminal
liability. From this record, however, we are unable to definitively
say whether or not Mendoza realized this when he made the statement.
For purposes of our further analysis, we will assume that he did.

 Under the second step, while there is no definitive test to
determine whether sufficient corroborating circumstances exist; Davis
v. State, 872 S.W.2d 743, 749 (Tex.Crim.App. 1994), the focus of the
inquiry is "on verifying to the greatest possible extent the
trustworthiness of the statement so as to avoid the admissibility of a
fabrication." Cofield, 891 S.W.2d at 955. That said, the Court of
Criminal Appeals has identified a number of factors that are relevant
to this inquiry:
 (1) whether the guilt of the declarant is inconsistent with the
 guilt of the defendant; (2) whether the declarant was so situated
 that he might have committed the crime; (3) the timing of the
 declaration; (4) the spontaneity of the declaration; (5) the
 relationship between the declarant and the party to whom the
 statement was made; and (6) the existence of independent
 corroborative facts.

Woods, 152 S.W.3d at 113 (citing Davis, 872 S.W.2d at 749).

 In gauging the existence of corroborative circumstances for the
purposes of Rule 803(24), we consider evidence which corroborates the
trustworthiness of the statement as well as evidence which undermines
the reliability of the statement. Davis, 872 S.W.2d at 749. See
Lester v. State, 120 S.W.3d 897, 901 (Tex.App.--Texarkana 2003, no
pet.). While we may consider positive and negative indicia of
trustworthiness in reviewing a trial court's decision to admit or
exclude a hearsay statement against penal interest, we must be
"careful not to engage in a weighing of the credibility of the in-
court witness." Id.

 Mendoza's statement was against his penal interest and, with
Appellant's upcoming trial, it is not unreasonable to assume he
anticipated that his statement would be disclosed to authorities or
the trial court. In addition, Mendoza was in a position where he
could have committed the crime and his guilt would have necessarily
precluded Appellant's guilt. Furthermore, Appellant's own trial
testimony corroborates Mendoza's statement.

 On the other hand, Mendoza had no relationship, familial or
otherwise, with Appellant's great-grandmother[6] and his statement
lacked spontaneity because it was purportedly made in response to a
query from Appellant's great-grandmother regarding Mendoza's
reluctance to testify at her great-grandson's upcoming trial.
Furthermore, the trustworthiness of the statement was directly
attacked by Officer Taylor's testimony that he had seen Appellant exit
and enter his car on the driver's side at a convenience store shortly
before the offense occurred. In addition, the trustworthiness of the
statement was controverted by Deputy Valdez's testimony that, as he
approached the car at the second stop, he observed Appellant slide
over from the driver's seat to the front passenger seat and Mendoza
move from the front passenger seat to the backseat. Furthermore, that
Appellant had been driving the car was consistent with his ownership
interest in the vehicle. In addition, Appellant's testimony that he
was asleep for two hours immediately prior to the second stop was
contradicted by Officer Taylor's testimony that less than two hours
prior to the second stop, he observed the car empty and later observed
Appellant exiting and entering the driver's side of the car at a
convenience store.

 Appellant relies heavily on Davis, supra, where the Court of
Criminal Appeals found a similar hearsay statement to be admissible
under Rule 803(24). In Davis, the inculpatory hearsay statement was
made by a son to his mother when his brother was charged with the
crime of delivery of a controlled substance. 872 S.W.2d at 747-48.
When the declarant exercised his right against self-incrimination, the
defendant sought to offer the hearsay statement through his mother's
testimony. Here, Mendoza did not exercise his right against self-
incrimination and there is no evidence of a familial or personal
connection between Mendoza and Appellant's great-grandmother. In
addition, in Davis the declarant's guilt was not mutually exclusive of
the defendant's guilt, whereas here it is. Furthermore, in Davis,
there was direct corroboration of the hearsay statement by a third
party who was not the defendant. Id. at 749. All of these factors
that weighed in favor of admitting the hearsay statement in Davis;
id., are not present here. Accordingly, we find Davis to be
distinguishable.

 In light of the trial court's responsibility to examine the
trustworthiness of the statement so as to avoid the admissibility of a
fabrication, and having considered that there were both positive and
negative indicia of trustworthiness surrounding Mendoza's statement to
Appellant's great-grandmother, and having considered the nature and
character of the proffered statement and those conflicting indicia, we
cannot say that the trial court abused its discretion in determining
that the corroborating circumstances did not clearly indicate the
trustworthiness of the statement. Therefore, the trial court did not
err in excluding the hearsay testimony because its determination that
Mendoza's statement did not qualify as a Rule 803(24) statement
against interest was within the zone of reasonable disagreement.
Appellant's first issue is overruled.

 III. Constitutional Issues

 Having found the trial court did not abuse its discretion in
excluding the hearsay evidence, we need not consider Appellant's
constitutional issues because we have determined there was no error in
the trial court's evidentiary ruling. See Ray v. State, 178 S.W.3d
833, 835 (Tex.Crim.App. 2005) (citing Potier v. State, 68 S.W.3d 657,
665 (Tex.Crim.App. 2002)). Further, even if the trial court had
committed an evidentiary error, Appellant was still able to put on his
defense, i.e., Officer Taylor testified there was dispute as to who
the driver was at the scene of the second stop and Appellant testified
he was not the driver. The testimony of Appellant's great-grandmother
regarding Mendoza's hearsay statement merely corroborated Appellant's
testimony. "Thus, [A]ppellant was able to present his version of the
events to the jury albeit not to the extent and in the form he
desired." Williams v. State, 273 S.W.3d 200, 233 (Tex.Crim.App.
2008). Appellant's second, third, and fourth issues are also
overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. § 38.04 (Vernon 2003).

[2]The record is conflicting as to whether Juanita Rodriguez was
Appellant's mother, grandmother, or great-grandmother. That conflict
is, however, irrelevant to our analysis of Appellant's issues.

[3]The "statement against interest" exception to the general hearsay
rule states, in pertinent part, as follows:

 The following are not excluded by the hearsay rule, even though
 the declarant is available as a witness:

 A statement which was at the time of its making so far contrary
 to the declarant's . . . interest, or so far tended to subject
 the declarant to civil or criminal liability . . . that a
 reasonable person in the declarant's position would not have made
 the statement unless believing it was true. In criminal cases, a
 statement tending to expose the declarant to criminal liability
 is not admissible unless corroborating circumstances clearly
 indicate the trustworthiness of the statement.

Tex. R. Evid. 803(24).

[4]Neither party disputes that Mendoza's statement was hearsay.
Clearly, it was an out-of-court statement offered by Appellant "to
prove the truth of the matter asserted," i.e., that Mendoza committed
the crime, not Appellant.

[5]Future citation to the Texas Rules of Evidence throughout the
remainder of this opinion will be made simply as "Rule ____."

[6]Statements to friends, loved ones, family members, and long-time
confidants normally do not raise the same trustworthiness concerns as
those made to third parties. Walter, 267 S.W.3d at 898.