

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1292-19

---

**FREDERICK L. BROWN, Appellant**

v.

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

---

**YEARY, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

The Court concludes that the State presented insufficient evidence to show that

Appellant engaged in wrongdoing intended to cause the complainant's absence at trial. It

holds, therefore, that the doctrine of forfeiture by wrongdoing (an exception to enforcement

of the Sixth Amendment Confrontation Clause) categorically does not apply in this case.[1]

---

[1] The doctrine of forfeiture by wrongdoing was first described by the United States Supreme Court. *See Crawford v. Washington*, 541 U.S. 36, 62 (2004); *Reynolds v. United States*, 98 U.S. 145, 158–59 (1879). Later on, this Court began to apply the doctrine in Texas. *See Gonzalez v. State*, 195 S.W.3d 114, 124–26 (Tex. Crim. App. 2006). The doctrine has now been

But I disagree with its conclusion that insufficient evidence supported the trial court's finding that Appellant engaged in wrongdoing that was intended to prevent the complainant's attendance at trial. According to our law, the elements of forfeiture by wrongdoing need only be established by a preponderance of the evidence. TEX. CODE CRIM. PROC. art. 38.49(c). So, in my view, the trial court did not abuse its discretion to infer, from Appellant's misrepresentations to the process server about Hutzelman's location, his persistent abuse of Hutzelman, and her subsequent reluctance to meet with the process server once he found her at home, that Appellant engaged in wrongdoing intended to prevent her attendance at trial. I would not, as the Court does today, simply declare that the evidence is insufficient to establish wrongdoing by Appellant, and hold, for that reason alone, that the doctrine of forfeiture by wrongdoing is inapplicable.

But I would also not simply declare it to be applicable. The court of appeals refused to address Appellant's argument concerning the second part of the forfeiture by wrongdoing doctrine—that the State had failed to demonstrate that the complainant was

---

codified in Article 38.49 of our Code of Criminal Procedure. In relevant part, Article 38.49 provides:

> (a) A party to a criminal case who wrongfully procures the unavailability of a witness or prospective witness:
>
> > (1) may not benefit from the wrongdoing by depriving the trier of fact of relevant evidence and testimony; and
> >
> > (2) forfeits the party's right to object to the admissibility of evidence or statements based on the unavailability of the witness as provided by this article through forfeiture by wrongdoing.

Subsection (b) expressly requires a finding that the wrongdoing have been "intended to . . . procure the unavailability" of the witness, and that it actually "did" so. Subsection (c) directs the trial court to determine the issue by a preponderance of the evidence, out of the jury's presence, in a pretrial hearing where practicable. TEX. CODE CRIM. PROC. art. 38.49.

unavailable. In my view the court of appeals erred to find this part of Appellant's complaint to be forfeited. *Brown v. State*, No. 06-19-00082-CR, 2019 WL 6334707, at *3 n.5 (Tex App.—Texarkana Nov. 27, 2019) (mem op., not designated for publication). When it comes to Sixth Amendment confrontation issues, this Court has said, on more than one occasion (while sometimes analogizing to the rules regarding hearsay), that a defendant's initial Confrontation Clause objection shifts the burden to the State to show why its out-of-court testimonial statement should be admitted despite the fact that the defendant cannot confront the declarant in court. *See, e.g.*, *Vinson v. State*, 252 S.W.3d 336, 340 & n.15 (Tex. Crim. App. 2008); *De La Paz v. State*, 273 S.W.3d 671, 680–81 (Tex. Crim. App. 2008); *cf. Cofield v. State*, 891 S.W.2d 952, 954 (Tex. Crim. App. 1994) ("Since appellant preserved error by raising an objection to the hearsay, the burden then became the State's to show that the evidence was admissible pursuant to some exception to the hearsay rule."). The defendant need not object *again* when the State fails to satisfy its entire burden of production.

Like the Court does today, I would vacate the judgment of the court of appeals—but I would do so for a different reason than the Court does today. I would uphold the court of appeals' judgment with respect to the issue of wrongdoing. But I would remand to the court of appeals to consider whether Hutzelman was, in fact, unavailable. The court of appeals may yet affirm the trial court's judgment should it conclude that Hutzelman was in fact unavailable, or that her out-of-court statements were not testimonial. Should it instead conclude that the trial court erred because Hutzelman was available and her out-of-court statements were testimonial, the court of appeals should then address whether Appellant was harmed by the admission of those statements into evidence.

FILED:                 March 3, 2021
PUBLISH